1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4   Lee Michael Schultz,

5        Petitioner

6   v.

7   Warden Stroud, et al.,

8        Respondents

9

10

**2:16-cv-01062-JAD-PAL**

**Order Screening Petition, Ordering Petitioner to Show Cause Why His Petition Should Not be Dismissed For Lack of Exhaustion, and Denying All Other Pending Motions Without Prejudice**

[ECF Nos. 2, 3, 4, 5]

11        Nevada state prisoner Lee Michael Schultz brings this § 2254 petition to challenge his state-

12   court conviction and sentence for sexually motivated coercion, asserting four grounds for relief.

13   Schultz has paid the filing fee as required by my May 8, 2016, order, so I screen his petition under

14   Rule 4 of the Rules Governing Section 2254 Cases.  Because it appears that Schultz has not

15   exhausted his state-court remedies, I order Schultz to show cause by July 20, 2016, why this petition

16   should not be dismissed for lack of exhaustion.

17                                      **Discussion**

18   **A.        The petition**

19        As an initial matter, I note that it appears that Schultz brought a previous habeas action (2:15-

20   cv-00471-GMN-CWH) challenging the same conviction and sentence that he seeks to challenge in

21   this case.  Chief Judge Gloria Navarro dismissed that action without prejudice when Schultz failed to

22   show cause why his petition should not be dismissed for failure to exhaust his state-court remedies.  I

23   have reviewed Schultz's petition and the online records for the Nevada Supreme Court,[1] and it

24   appears that this petition suffers from the same defect: Schultz still has not exhausted his state-court

25   remedies for any of the claims in his petition.  A federal court may not grant habeas relief to a state

26   prisoner based on a claim that has not been fully exhausted in state court.  To exhaust a claim, a

27

28   _____

[1] http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

petitioner must "fairly present" the claim to the state's highest court.[2]

The exhaustion information Schultz provides for his claims is incomplete and confusing. Nevada Supreme Court records reveal that Schultz directly appealed his conviction but then voluntarily dissmied his appeal.[3]  Two months later, Schultz appealed the state district court's dismissal of his state habeas petition; the Nevada Supreme Court dismissed the appeal for lack of jurisdiction because the state district court dismissed Schultz's petition without prejudice and with leave to amend.[4]  In April of 2016, Schultz filed a petition for extraordinary relief in the Nevada Supreme Court; the Nevada Supreme Court declined to exercise original jurisdiction over it.[5] Finally, in May of 2016, Schultz appealed the state district court's denial of his state habeas petition.[6] That proceeding remains pending.

These records show that Schultz has not fairly presented his claims to the Nevada Supreme Court because that court has not yet had the opportunity to resolve any of Schultz's claims on their merits.[7]  I therefore order Schultz to show cause by July 20, 2016, why this action should not be dismissed based on his failure to exhaust his claims in state court.  If Schultz fails to make a prima facie showing by this deadline that he has exhausted at least one of his claims in state court, this case will be dismissed without prejudice.[8]

---

[2] *Duncan v. Henry*, 513  U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35718.

[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=36813.

[5]  http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=38285.

[6] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=38533.

[7] *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.").

[8] *See Rose v. Lundy*, 455 U.S. 509 (1982).

**B.     Other motions**

Schultz has also submitted a motion for appointment of counsel.  "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."[9]  But a court may appoint counsel at any stage of the proceedings "if the interests of justice so require."[10]  I do not find that the interests of justice require representation at this point in the proceedings, so I deny Schultz's motion for appointment of counsel.  I also deny Schultz's other pending motions[11] without prejudice to their refiling after Schultz has satisfied this order to show cause.

[9] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam).

[10] *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.

[11] ECF No. 3 (motion for leave to file supplemental petition); ECF No. 4 (motion to file excess pages); and ECF No. 5 (motion to file amended petition).

1

**Conclusion**

2       Accordingly, IT IS HEREBY ORDERED that **Schultz must show cause by July 20, 2016,**

3   **why this action should not be dismissed for failure to exhaust state-court remedies.**  Failure to

4   respond to this order by this deadline or make a prima facie showing of exhaustion will result in

5   dismissal of this action without prejudice and without further warning.  Schultz must attach to his

6   response any state-court documents that show that he exhausted his claims in state court.

7       IT IS FURTHER ORDERED that **Schultz's pending motions [ECF Nos. 2, 3, 4, 5] are**

8   **DENIED without prejudice.**

9       The Clerk of Court is directed to file Schultz's petition [ECF No. 1-1] and add Adam Paul

10   Laxalt, Attorney General of the State of Nevada, as counsel for respondents, and electronically serve

11   a copy of Schultz's petition and this order on respondents.  Respondents' counsel must enter a notice

12   of appearance by July 11, 2016, but need take no further action in this case until ordered by the court.

13       Dated this 20th day of June, 2016.

14

15                                                          Jennifer A. Dorsey
                                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28