UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Lee Michael Schultz,

    Petitioner

v.

Warden Stroud, et al.,

    Respondents

2:16-cv-01062-JAD-PAL

**Order Denying Petition and Pending Motions and Closing Case**

[ECF Nos. 13, 14]

    Nevada state-prison inmate Lee Michael Schultz brings this § 2254 petition to challenge his state-court conviction and sentence for sexually motivated coercion, asserting four grounds for relief. I screened Schultz's petition under Rule 4 of the Rules Governing Section 2254 Cases, ordered him to show cause why this petition should not be dismissed for lack of exhaustion,[1] and I warned him that failure to make a prima facie showing of exhaustion would result in the dismissal of this action without prejudice and without further warning.

    Schultz has filed a document titled "Voluntary Dismissal Requested While State Habeas Pending/ Alternatively Stay and Abey Application,"[2] but the document is not supported by points and authorities and contains no explanation of the specific relief Schultz seeks. Schultz has also filed a "Motion for Stay of Order"[3] along with several attachments,[4] in which he appears to be argue the substantive merits of his claims.

---

[1] ECF No. 8.

[2] ECF No. 13.

[3] ECF No. 14.

[4] ECF No. 15.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court,[5] and none of Schultz's filings demonstrate that he has exhausted his state-court remedies for his federal habeas claims.  Indeed, according to the Nevada Supreme Court's electronic records, which I take judicial notice of, Schultz's appeal of the state trial court's denial of his state habeas petition is currently pending before the Nevada Supreme Court.[6]  I therefore deny Schultz's petition without prejudice for lack of exhaustion.  And, because reasonable jurists would not find my decision to be debatable or wrong, I decline to issue a certificate of appealability.

As for Schultz's request for a stay, he has not demonstrated that he can meet the requirements set forth in *Rhines v. Weber*.[7]  Under *Rhines*, a district court has discretion to stay an unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[8]  Schultz has not shown that he is entitled to a stay.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Schultz's pending motions **[ECF Nos. 13, 14] are DENIED.**

IT IS FURTHER ORDERED that **this action is DISMISSED without prejudice and a certificate of appealability is DENIED.**

The Clerk of Court is instructed to CLOSE THIS CASE.

Dated: November 1, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] 28 U.S.C. § 2254(b).

[6] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=38533.

[7] *Rhines v. Weber*, 544 U.S. 269 (2005).

[8] *Rhines*, 544 U.S. at 276–78.